UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JAMES FREDERIC PELCZAR,

              Plaintiff,

-against-

JUDGE PETER J. KELLY, in his official
capacity as Surrogate of Queens County
Surrogate's Court,

              Defendant.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**
18-cv-6855 (AMD)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 13 2018 ★

BROOKLYN OFFICE

**ANN M. DONNELLY**, United States District Judge:

The *pro se* plaintiff commenced this action on December 3, 2018, against the Honorable Peter J. Kelly, a judge in Queens County Surrogate's Court, pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. The plaintiff alleges that Judge Kelly, who presided over a probate action involving the plaintiff's parents' estate, "fraudulently" allowed the title transfer of real property that was part of an irrevocable trust for his and his sister's benefit. (ECF No. 1 at 6-7.) The plaintiff seems to allege that all property in the trust was conveyed to his sister and not to him, after his father died. (*Id.*) The plaintiff alleges that Judge Kelly acted "in clear absence of all jurisdiction" and seeks injunctive relief. (*Id.* at 7, 9-10.) For the reasons discussed below, the complaint is dismissed.

**DISCUSSION**

Because the plaintiff is proceeding *pro se*, I construe his pleadings liberally, and interpret his complaint to raise the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999). Nevertheless, a *pro se* plaintiff "must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter

1

jurisdiction over the action." *Wilber v. U.S. Postal Serv.*, No. 10-CV-3346, 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (quoting *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005)).

Federal courts are courts of limited jurisdiction and cannot preside over cases unless they have subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005); *Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 397 (2d Cir. 2009). The requirement of subject matter jurisdiction cannot be waived, *United States v. Cotton*, 535 U.S. 625, 630 (2002), and its absence may be raised at any time by a party or by the court *sua sponte*, *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434, (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. The plaintiff bears the burden of establishing that the district court has subject matter jurisdiction over the action. *See Ally*, 128 F. App'x. at 195; *Smith v. Spectrum Brands Inc.*, No. 17-CV-6989, 2018 WL 718378, at *2 (E.D.N.Y. Feb. 5, 2018). When a court does not have subject matter jurisdiction, dismissal is mandatory. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3).

The Court does not have subject matter jurisdiction over the plaintiff's claims because the plaintiff has not raised any issue arising under federal law or asserted a valid basis for the exercise of the Court's subject matter jurisdiction. The Court cannot intervene in the Surrogate Court action or direct Judge Kelly to take any action. *See Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005) (the *Rooker-Feldman* doctrine stands for "the clear

principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments.").[1]

Nor can the plaintiff seek injunctive relief against Judge Kelly. The Federal Courts Improvement Act of 1996 ("FCIA") gives immunity to judges acting in their official judicial capacity. *See* Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104–317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983) ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"); *see also Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016); *Davis v. U.S.*, No. 18-cv-3604, 2018 WL 3148353, at *2 (E.D.N.Y. June 26, 2018); *see also Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (judges are generally immune from a suit for money damages); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error ... or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13 (internal citations omitted). The plaintiff's allegations relate to Judge Kelly's decisions in the underlying probate action, which is a judicial function. *See, e.g., Babaev v. Farinella*, No. 17-cv-873, 2017 WL 2256643, at *2 (E.D.N.Y. May 22, 2017); *Xiu Jian Sun v. Pollak*, No. 17-cv-1570, 2017 WL 5515850, at *2 (E.D.N.Y. Apr. 10, 2017).

---

[1] The *Rooker Feldman* doctrine does not allow parties "complaining of injuries caused by state-court judgments" to appeal to lower federal courts to "review and reject[] those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Second Circuit has articulated four requirements for the application of the *Rooker-Feldman* abstention doctrine: a) the federal-court plaintiff must have lost in state court, b) the plaintiff must complain of injuries caused by a state-court judgment, c) the plaintiff must invite district court review and rejection of that judgment, d) the state-court judgment must have been rendered before the district court proceedings commenced. *Hoblock*, 422 F.3d at 85. All four requirements have been met; this Court is barred from revisiting or overturning the Surrogate Court's decisions. *See, e.g., Niles v. Wilshire Inv. Group, LLC*, 859 F. Supp. 2d 308, 335 (E.D.N.Y. 2012) (the *Rooker–Feldman* doctrine applies to plaintiffs' claims in connection with the New York State Surrogate's Court litigation).

3

## CONCLUSION

For the reasons discussed above, the Court dismisses the complaint with prejudice for lack of subject matter jurisdiction pursuant to Rule 12 (h)(3) of the Federal Rules of Civil Procedure. Even a liberal reading of the plaintiff's complaint makes it clear that he cannot state a plausible claim for relief. *See Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (a claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Therefore, leave to amend the complaint would be futile, and is denied. *See Ashmore v. Prus,* 510 F. App'x 47, 49 (2d Cir. 2013) (leave to amend is futile where "barriers to relief…cannot be surmounted by reframing the complaint"); *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend *pro se* complaint where amendment would be futile).

The Clerk of Court is directed to enter judgment dismissing the action. Although the plaintiff paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                    s/Ann M. Donnelly
                                                  ANN M. DONNELLY
                                                  United States District Judge

Dated: December 12, 2018
       Brooklyn, New York