FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 29 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JAMES F. PELCZAR,

        Plaintiff,

        -v-

JUDGE PETER J. KELLY, in his official capacity
as Surrogate of the Queens County Surrogate's Court,

        Defendants.
---------------------------------------------------------------x

**MEMORANDUM & ORDER**
18-CV-6855 (AMD) (LB)

**ANN M. DONNELLY**, United States District Judge:

    The *pro se* plaintiff commenced this action against the Honorable Peter J. Kelly, a judge in Queens County Surrogate's Court, pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. The plaintiff alleged that Judge Kelly, who presided over a probate action involving the plaintiff's parents' estate, "fraudulently" allowed the title transfer of real property to the plaintiff's sister, even though the property was part of an irrevocable trust for his and his sister's benefit. (ECF No. 1 at 6-7.) On December 13, 2018, I dismissed the complaint for lack of subject matter jurisdiction. (ECF No. 4). On December 26, 2018, the plaintiff appealed the decision to the Second Circuit, and the appeal is currently pending. (ECF No. 6). On May 20, 2019, the plaintiff moved for reconsideration of my December 13, 2018 order, pursuant to F.R.C.P. 60(b). (ECF No. 7). For the reasons discussed below, the motion for reconsideration is denied.

**DISCUSSION**

    F.R.C.P. 60(b) states that a court may relieve a party or its legal representative from a final judgment, order, or proceeding for "(1) mistake, inadvertence, surprise, or excusable neglect… (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party… or (6) any other reason that justifies relief." The decision to

1

grant a motion for relief under Rule 60(b) is left to the discretion of the court. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012).

"A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). The burden of proof is on the party seeking relief from judgment. *Id.* For the plaintiff to prevail on a motion for reconsideration, he "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion." *Lichtenberg v. Besicorp Grp. Inc.*, 28 F. App'x 73, 75 (2d Cir. 2002) (internal citations omitted); *LPD New York, LLC v. Adidas Am., Inc.*, 295 F. Supp. 3d 275, 284 (E.D.N.Y. 2017).

"Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Reese v. Bahash*, 574 F. App'x 21, 23 (2d Cir. 2014) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citations omitted). It is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made." *LPD New York*, 295 F. Supp. 3d at 284 (internal citations omitted).

The plaintiff's motion for reconsideration largely reiterates the claims in his complaint. He argues that because his parents transferred the deed of their residence into a trust, the deed was not properly part of his father's estate, and that Judge Kelly had no jurisdiction over the real

2

property. (ECF No. 7 at 9.) The plaintiff made the same arguments in the complaint. (ECF No. 1.) They do not provide a reason to reconsider the order dismissing the complaint.

The only new argument that the plaintiff advances in his motion for reconsideration is that a defendant in another action instituted by the plaintiff made "omissions" in a reply brief in support of the defendant's motion to dismiss. (ECF No. 7 at 7.) The plaintiff alleges that the "omissions" amount to "mistake," "excusable neglect," or "misrepresentation" pursuant to F.R.C.P. 60(b)(1) and (3), or in the alternative, that they justify relief pursuant to F.R.C.P. 60(b)(6). (ECF No. 7 at 7-8.) However, statements made by a party in an unrelated action cannot be the basis for finding that this Court or the litigants in this action made a mistake, or that the defendant in this action misrepresented a fact.

The party "seeking to avail itself" of F.R.C.P. 60(b)(6) must demonstrate that "extraordinary circumstances" warrant relief. *Stevens*, 676 F.3d at 67. The plaintiff has failed to demonstrate the existence of exceptional circumstances warranting reconsideration or any controlling law that would alter the conclusions reached in my December 13, 2018 Order.

## CONCLUSION

The motion for reconsideration pursuant to F.R.C.P 60(b) is denied. Although the plaintiff has paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: May 29, 2019
      Brooklyn, New York